J. S. Munsey v. The State.

No. 4427.    Decided April 25, 1917.

1.—Tick Eradication Law—Statutes Construed.

Where the tick eradication law had been construed adversely to the defendant in a companion case, it need not be again reviewed.

2.—Same—Information—Pleading—Knowledge of Defendant.

Where the complaint and information undertook to charge the defendant conjunctively with violating the statute in both ways prescribed, which was proper, but failed to allege in the second manner of violating the statute that said animal was known to have been exposed to a contagious disease, etc., a motion to quash should have been sustained.

3.—Same—Insufficiency of the Evidence.

Where the evidence was insufficient to sustain a conviction for a violation of the first method of violating said law, and the complaint and information were insufficient to allege a violation of the law as to the second method, and should have been quashed on motion presented, the conviction could not be sustained.

4.—Same—Legislative Intent.

Whatever the object and purpose of the Legislature was as to the second phase of the law, the same can not be ignored, and the allegation and proof must comport therewith.

Appeal from the County Court of Young. Tried below before the Hon. W. P. Stinson.

Appeal from a conviction of a violation of the tick eradication law; penalty, a fine of fifty dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant was convicted of violating our tick eradication law, and assessed the lowest fine.

In the case of W. C. McGee, No. 4402, from the same county, this day decided, we have stated and quoted our tick eradication law so far as applicable herein.

Section 7 of said Act prescribes two distinct ways in which said law may be violated, with the same punishment to be assessed. That section provides first: Any person owning or caring for any domestic animals affected with any contagious or infectious disease, or the agency or transmission thereof, who shall fail or refuse to dip such stock at such time and in such manner as directed by the Live Stock Sanitary Commission, shall be deemed guilty of a misdemeanor and shall be fined not less than $50 nor more than $1000.

The other way is: Any person owning or caring for any domestic animals *known to have been exposed* to any contagious or infectious

disease, or the agency or transmission thereof, who shall fail or refuse to dip such live stock at such time and in such manner as directed by the Live Stock Sanitary Commission, shall be deemed guilty of a misdemeanor and fined the same as prescribed above.

The complaint and information herein undertake to charge appellant conjunctively with violating said statute in both ways prescribed, which was proper, and, we think, sufficiently did so under the first; that is, that he was the owner of cattle which *was affected with* Texas fever tick, and that he failed or refused to dip her, as required. But said pleadings failed to legally charge the second or latter way of violating said statute by failing to allege therein that his said animal was *known to have been exposed* to a contagious or infectious disease, or the agency or transmission thereof, and failed and refused to dip her as required. Appellant made a motion to quash the complaint and information as to this latter method of violating the law, because it failed to charge that his said animal was *known to have been exposed,* etc., which the court overruled. In our opinion, that feature of the pleading was insufficient and should have been held so by the lower court.

The positive, uncontradicted and uncontested testimony herein shows that appellant's cow had no tick on her at the time he was required to dip her and had never at any time had a tick on her and that she had no disease, etc. So that any conviction of him for a violation of the first method of violating said law was without evidence to sustain it. The evidence was sufficient to show that his cow had been exposed to the agency or transmission (ticks) of a contagious or infectious disease. If the complaint and information had been good on this feature of the prosecution, the conviction might have been sustained, but as it was insufficient and fatally defective, the conviction can not, therefore, stand.

It occurs to us that the Legislature in enacting that the animal was *known to have been exposed,* etc., had some purpose and object in prescribing that as the second method of violating said law. We suppose the Legislature did not require that such animals should be known to be affected with ticks or the fever caused thereby or therefrom, because his animal would be exposed to his daily observation and he could well ascertain whether or not she had ticks upon her or had the splenetic fever caused thereby or otherwise. But he and no other might know, or have any knowledge that his cow had been exposed to the ticks by reason of other cattle infected therewith having been driven by or through territory where his cow was located; and the Legislature in one instance required knowledge and in the other did not. But whatever the object or purpose of the Legislature was, the statute plainly prescribes that to constitute a violation of the second phase of said law it is necessary that it shall be known the animal has been exposed, etc., which this court can not ignore, although it may not readily understand why the Legislature enacted the law as it is.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*